MARSHALL *et al.* v. HARNEY PEAK TIN MINING, MILLING & MANUF'G Co. *et al.*

F., one of the defendants, appeared in court by atorney, and answered jointly with another defendant, the answer being signed by the same attorney.    Upon trial of the cause a judgment was rendered in favor of both defendants.    The plaintiffs, desiring to appeal, served a notice of appeal and an undertaking upon the attorney of record for the defendants.    The name of F. was omitted from the title of the notice of appeal and the undertaking, but in the body of each the judgment appealed from is referred to as one recovered by the "respondents" against the appellants.    The service is admitted without objection by the attorney of record representing all the respondents.    *Held* that the appeal is properly taken, and both the defendants are brought within the juricdiction of this court.

(Syllabus by the Court.    Opinion filed Jan. 25, 1893.)

Appeal from district court, Pennington county.    Hon. CHARLES M. THOMAS, Judge.

This cause was first argued in this court at the February term, 1890.    In an opinion filed Dec. 3, 1890, found 1 S. D. 350, 47 N. W. 290, the court reversed the judgment of the lower court and remanded the case for a new trial.    This opinion is upon a rehearing.    The former opinion adhered to.

*Van Cise & Wilson* and *Schrader & Lewis*, for appellants.

An appeal can be heard upon every provision of the judgment. Roylance v. San Luis, 15 Pac. 777; Lilienthal v. Carivita, *Id.* 280; Moore v. Held, 35 N. W. 623; Wright v. Mahaffy, 40 N. W. 113; Koons v. Millett, 23 N. E. 95. A mere irregularity in the taking of an appeal is waived by the voluntary appearance of the appellee. Wilgus v. Gettings, 19 Iowa, 82; Fee v. Big Sand, 13 Ohio, St. 563; Railroad v. Mara, 26 Ohio St. 185; Hohman v. Eiterman, 83 Ill. 92; Holden v. Haserode, 2 S. D. 555; Moyle v. Landers, 17 Pac. 698. An appeal taken in good faith will not be dismissed for a mere irregularity in the notice. Lancaster v. McDonald, 12 Pac. 374; Gruell v. Spooner, *Id.* 511; Starks v. Stafford, *Id.* 670; Herrlich v. McDonald, 14 Pac. 357; Bilyeu v. Smith, 22 Pac. 1073; Swasey v. Adair, 23 Pac. 284; Fogel v. Schwalze, *Id.* 294; Hammond v. Kroff, 30 Mo. App. 118; Bagley v. Kelley, 38 Mo. App. 623; Kirkpatrick v. Railroad, 33 N. W. 103; Improvement v. Bradbury, 132 U. S. 509.

*J. W. Fowler* and *William R. Steele*, for respondents.

A strict compliance with the requirements of the statute in regard to the notice and undertaking on appeal is necessary to confer jurisdiction. Gold v. Newton, 2 Dak. 39; Pardee v. Murray, 1 Pac. 737; Dalzell v. Superior, 7 Pac. 910; Parker v. Demry, 7 *Id.* 892; Butte v. Boydstun, 8 Pac. 835; Daniels v. Daniels, 10 Pac. 657; Alvord v. McGauhy, 4 Colo. 97; Miller v. Richards, 23 Pac. 936; Boston v. Haynes, 31 Cal. 107. Under a statute requiring the notice and undertaking to be first filed service before filing vitiates the whole proceedings. Elliott v. Chapman, 15 Cal. 383; Aram, Trustee, v. Shallenberger, 42 Cal. 275; Holcomb v. Sawyer, 51 Cal. 417; Hastings v. Hallech, 10 Cal. 31; Putnam v. Boyer, 5 N. E. 493; Murray v. Peckham, 3 Atl. 662; Bubb v. Cain, 16 Pac. 89; Sebree v. Smith, 16 Pac. 477; Law v. Nelson, 24 Pac. 2; Hunt v. Arkell, 22 Pac. 82; Harmon v. Herndon, 6 S. E. 411; Frees v. Baker, 6 S. W. 563; Love v. Francis, 29 N. W. 843; Mungeshcinier v. Wickham, 12 S. W. 751; Black v. Wickson, 12 *Id.* 752; Scott v. Milton, 7 So. 32; Albertson v. Mahaffy, 6 Or. 412; Motherwell v. Taylor, 9 Pac. 417; Eddy v. Van Ness, 6 Pac. 115. All persons who will be affected by the reversal or modification of the order

or judgment appealed from must be made parties to the appeal and be served with the notice and such other proceedings as the statute directs. Senter v. De Bernal, 38 Cal. 637; Jones v. Quantrell, 9 Pac. 418; Miller v. Richards, 83 Cal. 563; *In re* Castle, 79 Cal. 246; Curtin v. Atkinson, 46 N. Y. 91; Smetters v. Rainey, 14 Ohio St. 287; Wolf v. Murphey, 32 N. W. 303; Hendrickson v. Sullivan, 44 N. W. 312; Day v. Hawkeye, 42 N. W. 312; Goodwin v. Hillard, 41 N. W. 1135; Simpson v. Greeley, 20 Wall. 152; Williams v. Banks, 11 Wheat. 414; Mussing v. Cavazos, 20 How. 280; Hampton v. Rouse, 13 Wall. 187; Meade v. Bartlett, 14 S. W. 388.

BENNETT, P. J. This case was heard at the February term, 1890, both upon the respondents' motion to dismiss the appeal and upon the merits of the controversy. On the 31st day of December, 1890, a decision was rendered overruling the motion to dismiss, reversing the case upon the merits, and remanding it for a new trial. A motion for a rehearing was filed on the part of respondents, and granted. The respondents, in the petition for a rehearing, make no objection to the ruling of this court upon the merits of the case, but strenuously contend that the appeal should have been dismissed upon the showing made upon the former motion. By reference to the motion as previously filed, it will be found that it is based upon the alleged fact that the notice of appeal was not served upon the respondents, nor any undertaking filed. The original opinion in the case is to be found reported in 47 N. W. Rep. 290, in which the notice of appeal is fully set out. The objections to the notice of appeal relate also to the undertaking. It is claimed by the respondents that the appellants do not make one of the defendants, Fullerton, a party to this appeal. No principle of law is contended for by the respondents other than those decided at the former hearing. The only contention arises as to the application of the facts.

Upon a review of our opinion, and after hearing the argument of counsel upon the rehearing, we hardly see what more we can add to what was previously said. We are ready to admit all the law and the propositions urged by the attorney for the respondents respecting the necessity of a service of the notice of appeal

and undertaking in order to perfect an appeal, and to give this court jurisdiction to entertain it. Yet, as stated in our former opinion, we find this appeal has been properly taken. No question is sought to be raised as to the sufficiency of the service upon all the respondents except the defendant Samuel W. Fullerton. The record fully shows that this defendant appeared in the court below by attorney. He answered jointly and in connection with the real defendant in interest, the Harney Peak Tin Mining Company. The answer is signed by his attorney. The notice of appeal is served upon the same attorney, and the attorney admits this. The notice of appeal omits Fullerton's name from the caption, but in the body of the notice the judgment is referred to as one recovered by respondents against the appellants. The undertaking also omits the name of Fullerton, but refers to the same judgment. Respondents were the mining company and Fullerton. The service is admitted without objection by the attorney of record representing all the respondents. On the 15th of January, 1890, a motion to dismiss the appeal was made. Fullerton's name was given in the caption as one of the respondents. The attorney signing the notice is the same one appearing in all the other papers of the record, showing clearly, to our minds, that there could have been no surprise, nor any intention of leaving out the name of Fullerton in the notice of appeal, by either party. The transcript was filed in the supreme court. A motion was afterwards made to continue the case, describing it in the caption as "Benjamin F. Marshall *et al.* vs. The Harney Peak Tin Mining Co. *et al.*" This was served upon the attorney, and service was admitted without protest. An abstract of the case on behalf of the appellants was served, describing the defendants as "The Harney Peak Tin Mining, Milling & Manufacturing Company and Stephen W. Fullerton." Service was admitted by the attorney of the defendants. These facts, in connection with those pointed out in the original opinion, we think are enough to warrant us in holding that the appeal was properly perfected, and that Fullerton, in connection with the other defendants, has been brought within our jurisdiction. The record shows beyond controversy that Fullerton has but a nominal interest in the cause of action, and the only inter-

est he can have in the appeal is in relation to the costs. The judgment, nor any part of it, was more than nominally in his favor, and he was but a nominal defendant at most. Furthermore, if we are in possible error in this application of the facts, still no grievous wrong can be the result. Our judgment is not the finality of the cause. A new trial has been ordered. The rights of the parties are not foreclosed. In the new adjudication each stands before the court as though no trial had been had. No interests can suffer seriously by this determination. When a mo tion is made, based upon mere technicalities, which may, in its effect, if sustained, deprive litigants of important rights, if there is any doubt existing in the mind of the court as to the legality or expediency of sustaining it, it is its duty to give the benefit of the doubt upon the side which will work the least injury. Holding these views, we must adhere to our former opinion, and remand the case for a new trial on its merits. All the judges concur.